## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW NITKEWICZ, AS TRUSTEE OF THE JOAN C. LUPE FAMILY TRUST, on behalf of himself and all others similarly situated, | Civil Action No. 20-cv-6805 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, | |
| Defendant. | |

Plaintiff Andrew Nitkewicz, as trustee of the Joan C. Lupe Family Trust ("the Trust"), on behalf of himself and all others similarly situated, file, for its Complaint against defendant Lincoln Life & Annuity Company of New York ("Lincoln NY"), states as follows:

### NATURE OF THE ACTION

1.      This is a class action against a life insurance company who believes it is above the law.  A New York statue governing insurance requires Lincoln NY to refund to all owners of life insurance (with two exceptions not applicable here) any premium paid for any period beyond the end of the policy month in which an insured dies.  Lincoln NY unquestionably does not pay any of those statutorily required refunds, and instead unlawfully pockets the premiums for itself.

2.      New York Insurance Law § 3203(a)(2) requires that nearly all life insurance policies (including all those at issue in this action) delivered or issued for delivery in the state:

[S]hall contain in substance the following provisions, or provisions which the superintendent deems to be more favorable to policyholders:

1

if the death of the insured occurs during a period for which the premium has been paid, the insurer shall add to the policy proceeds a refund of any premium actually paid for any period beyond the end of the policy month in which such death occurred, provided such premium was not waived under any policy provision for waiver of premiums benefit.   This paragraph shall not apply to single premium or paid-up policies.

3.      If a policy does not include this premium refund provision, that provision is read into the policy, as a matter of New York law.  *See Terry v. UNUM Life Ins. Co.*, 394 F.3d 108, 109 (2d Cir. 2005) ("[W]here a policy provision is less favorable to the insured than the provision required by New York Insurance Law, the statutory provision controls.").   The only statutory exception is for single premium or paid-up policies, which are not at issue in this case and excluded from the class definitions below.

4.      Plaintiff owns a life insurance policy issued in New York by Lincoln NY with a $1.5 million face value.  Plaintiff paid an annual planned policy premium of $53,877.72 on May 7, 2018, the precise amount of the annual planned policy premium provided for in the policy.  The insured passed away five months later, on October 6, 2018.  Lincoln NY paid the death benefit but did <u>not</u> include the premium refund for *any* of the months for which the Plaintiff paid an annual planned premium after the policy month of the insured's death.

5.      In written correspondence dated January 28, 2019, Lincoln NY rejected paying to Plaintiff the required premium refund, stating that Plaintiff's annual planned premiums paid increased the policy value, earned interest, was accessible for a policy loan, withdrawal or cash surrender, and could have been used to cover future policy expenses.  "As a result," Lincoln NY stated, "no premiums paid are 'unearned' and they cannot be refunded as part of a policy's death benefit," and "there was no 'unearned premium' and no refund of premium was payable."

2

6.      Lincoln NY's "earned versus unearned" premium justification for violating New York Insurance Law § 3203(a)(2) is improper.  There is no "earned" or "unearned" premium requirement or defense under the statute.  New York Insurance Law § 3203(a)(2) does not even use the term "earned" or "unearned" premium.

7.      Lincoln NY's refusal to pay the refund stands in stark contrast to Athene Life Insurance Company of New York ("Athene").  The Trust also owned a $180,000 universal life insurance policy issued by Athene, with a $3,230 "planned premium" due "annually."  The Trust paid that annual planned premium, including that exact amount on June 6, 2018.  Following the maturity of the policy, after the Trust inquired about the pro-rated refund owed by Athena under New York Insurance Law § 3203(a)(2), Athena promptly paid the refund owed plus interest ($2,186.34), without any dispute.

8.      As a result of Lincoln NY's misconduct, Plaintiff seeks relief for the premium refunds that Lincoln NY has wrongly refused to pay its customers, that it was required to pay under New York law.

### THE PARTIES

9.      Plaintiff Andrew Nitkewicz is the trustee of the Joan C. Lupe Family Trust, which owns Lincoln NY policy number LJ7197774 (the "Trust Policy" or "Premium Representative Policy").  Robert Wakeman was the former trustee of the Joan C. Lupe Family Trust, and on November 14, 2019, Mr. Wakeman provided notice to Lincoln NY that Mr. Nitkewicz was the new trustee.  The Trust Policy was issued in New York by Lincoln NY on April 4, 2011 ($1.5 million face value).

10.     Defendant Lincoln NY is a corporation organized and existing under the laws of New York with its principal place of business in Syracuse, New York.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity between at least one class member and one Defendant and the aggregate amount of damages exceeds $5,000,000. This action therefore falls within the original jurisdiction of the federal courts pursuant to the Class Action Fairness Act, 28 U.S.C § 1332(d).

12.    This Court has personal jurisdiction over Lincoln NY because it is incorporated in New York and has its principal place of business in New York.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) because the events giving rise to Plaintiff's cause of action occurred in this District.  Among other things, the policies in the proposed classes were issued in and delivered in Manhattan, within this District, as were, upon information and belief, the majority of policies at issue in this case. Lincoln NY is authorized to issue life insurance in the State of New York.

## FACTUAL BACKGROUND

14.    The policies at issue in this class action are all life insurance policies issued by Lincoln NY or its predecessors-in-interest. They were all issued on standardized policy forms and insureds are not permitted to negotiate different terms.

15.    Plaintiff's policy specifies the amount of "Planned Premium" or "Planned Annual Premium" that can be paid by the owner.  The application for the policy owned by the Trust likewise asks applicants to indicate whether the premium frequency or mode is "Annual," "Semi-Annual", "Quarterly", or "Monthly."

16.    New York Insurance Law § 3203(a)(2), by its plain terms, does not exempt the Trust's policy from its requirements.  Despite this clear directive, Lincoln NY did not provide the

statutorily mandated refund to the Trust nor, upon information and belief, to anyone else including other owners of life insurance who paid annual, semi-annual, or quarterly planned premiums in the year of the insured's death.

17.     New York Insurance Law § 3203(a)(2), in fact, states in the clause right before the premium refund obligation "that if the death of the insured occurs within the grace period provided in the policy, the insurer may deduct from the policy proceeds the portion of any unpaid premium applicable to the period ending with the last day of the policy month in which such death occurred." Because that provision *benefits* Lincoln NY, it has followed that provision and *deducted* from the policy proceeds the applicable unpaid premiums required if the death occurs within the grace period. However, Lincoln NY has *refused*, as is required in the very next clause, to add to the policy proceeds a refund of the premiums required following the death of the insured.

18.     The Trust's annual planned policy premium was $53,877.72, an amount the Trust paid timely each year, including on May 7, 2018.  The insured on the Trust's policy passed away nearly five months later on October 6, 2018, and Lincoln NY distributed death benefit proceeds later that year.

19.     Pursuant to New York Insurance Law § 3203(a)(2), Lincoln NY should have included in the death benefit distribution a refund of the premium paid for the period beyond the end of the policy month in which the insured died—the amount for the policy months after the insured passed away, which the Trust had already paid but for which the policy was no longer in effect because the insured had passed away. Instead, Lincoln NY refused to pay the statutorily mandated premium refund, despite multiple requests from the Trust.  In doing so, Lincoln NY unlawfully retained the Trust's premium it had already paid, in direct violation of New York Insurance Law § 3203(a)(2).

## CLASS ACTION ALLEGATIONS

20.     This action is brought by the Trust individually and on behalf of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  This Rule 23(b)(3) class—referred to as the "Premium Refund Class"—consists of:

> All owners of life insurance policies delivered or issued for delivery in the state of New York by The Lincoln Life & Annuity Company of New York and its predecessors in interest that were in force on or after August 24, 2014 and for which the insured died and policy proceeds were paid.

> The Premium Refund Class does not include (1) single premium or paid-up policies, and (2) defendant Lincoln NY, its officers and directors, members of their immediate families, and the heirs, successors, or assigns of any of the foregoing.

21.     The Trust also seeks to represent a class—referred to as the "Universal Life Class"—that consists of:

> All owners of universal life (including variable universal life) insurance policies delivered or issued for delivery in the state of New York by The Lincoln Life & Annuity Company of New York and its predecessors in interest that were in force on or after August 24, 2014 and for which the insured died and policy proceeds were paid.

> The Universal Life Class does not include (1) single premium or paid-up policies, and (2) defendant Lincoln NY, its officers and directors, members of their immediate families, and the heirs, successors, or assigns of any of the foregoing.

22.     The Trust also seeks to represent a class—referred to as the "Planned Premium Class" —that consists of:

> All owners of universal life (including variable universal life) insurance policies delivered or issued for delivery in the state of New York by The Lincoln Life & Annuity Company of New York and its predecessors in interest that were in force on or after August 24, 2014 and for which the insured died, policy proceeds were paid, and planned annual, semi-annual, or quarterly premiums were paid for any period beyond the end of the policy month of the insured's death.

The Planned Premium Class does not include (1) single premium or paid-up policies, and (2) defendant Lincoln NY, its officers and directors, members of their immediate families, and the heirs, successors, or assigns of any of the foregoing.

23.     The Premium Refund Class, Universal Life Class, and Planned Premium Class each consists of hundreds of consumers of life insurance and is thus so numerous that joinder of all members is impracticable. The identities and addresses of class members can be readily ascertained from business records maintained by Lincoln NY.

24.     The claims asserted by the Trust are typical of the claims of each of the proposed classes. The Trust will fairly and adequately protect the interests of each of the proposed classes, and the Trust does not have any interests antagonistic to those of the other members of the proposed classes.

25.     Each of the proposed classes is appropriate as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of law and fact affecting the each of the proposed classes predominate over any individualized issues. Those common questions that predominate include:

(a)     the construction and interpretation of the form insurance policies at issue in this litigation;

(b)     whether Lincoln NY's failure to refund premiums actually paid for any period beyond the end of the policy month in which the insured's death occurred violated the requirement of New York Insurance Law § 3203(a)(2), which is incorporated into all life insurance policies delivered or issued for delivery in this state;

(c)     whether Lincoln NY breached its contracts with the Trust and members of each of the proposed classes; and

(d)      whether the Trust and members of each of the proposed classes are entitled to receive damages as a result of the unlawful conduct by Lincoln NY as alleged herein and the methodology for calculating those damages.

26.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a)      the complexity of issues involved in this action and the expense of litigating the claims, means that few, if any, class members could afford to seek legal redress individually for the wrongs that Lincoln NY committed against them;

(b)      when Lincoln NY's liability has been adjudicated, claims of all class members can be determined by the Court;

(c)      this action will cause an orderly and expeditious administration of the class claims and foster economies of time, effort and expense, and ensure uniformity of decisions;

(d)      without a class action, many class members would continue to suffer injury, and Lincoln NY's violations of law will continue without redress while defendant continues to reap and retain the substantial proceeds of their wrongful conduct; and

(e)      this action does not present any undue difficulties that would impede its management by the Court as a class action.

## FIRST CLAIM FOR RELIEF

## Breach of Contract (by the Trust on behalf of the Premium Refund Class, Universal Life Class, and Planned Premium Class)

27.      The Trust realleges and incorporates herein the allegations of the paragraphs above of this complaint as if fully set forth herein. This claim is brought on behalf of the Trust and each of the proposed classes.

28.     Each of the policies in each of the proposed classes are binding and enforceable contracts. The provisions of New York Insurance Law § 3203 are deemed incorporated into those contracts, including the requirement that the insurer shall add to the policy proceeds a refund of any premium actually paid for any period beyond the end of the policy month in which the insured's death occurred.

29.     Lincoln NY breached its contracts, including the covenant of good faith and fair dealing, with the Trust and members of each of the proposed classes by failing to reimburse the premiums required under New York Insurance Law § 3203(a)(2).  The Trust and each of the proposed classes' damages include "any premium actually paid for any period beyond the end of the policy month in which [the insured's] death occurred," as required by statute.

30.     The Trust and the members of each of the proposed classes have all performed their obligations under the policies, except to the extent that their obligations have been excused by Lincoln NY's conduct at set forth herein.

31.     As a direct and proximate cause of Lincoln NY's material breaches of policies owned by members of each of the proposed classes, the Trust and members of each of the proposed classes have been damaged as alleged herein in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Trust, on behalf of itself and members of each of the proposed classes, pray for judgment as follows:

1.     Declaring this action to be a class action properly maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2.     Awarding compensatory damages;

3.     Awarding pre-judgment and post-judgment interest, as well as costs; and

4.      Awarding Plaintiff and classes such other relief as this Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  August 24, 2020                              Respectfully submitted,

*s/ Seth Ard*
Seth Ard
Ryan C. Kirkpatrick
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Phone: 212-336-8330
Fax:    212-336-8340
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com

Steven G. Sklaver (*pro hac vice* to be filed)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: 310-789-3100
Fax:    310-789-3150
ssklaver@susmangodfrey.com

*Attorneys for Plaintiff*